UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE PEREZ MACHIC,<br><br>          Petitioner,<br><br>    v.<br><br>NATALIE ASHER,<br><br>          Respondent. | CASE NO. C13-1959 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATIONS |

This matter is before the Court on Petitioner Jose Perez Machic's Rebuttal to the Respondent's Reply (Dkt. No. 16), which the Court construes as Objections to the Report and Recommendation ("R&R") of the Honorable Magistrate Judge Brian A. Tsuchida (Dkt. No. 15). Having reviewed the R&R, Petitioner's Objections, and all relevant documents, the Court ADOPTS the R&R and DISMISSES the Petition.

Machic filed his petition for habeas corpus pursuant to 28 U.S.C. § 2241 on December 17, 2014, asserting he should not be held in custody pending review of his application for asylum because the government failed to meet its burden showing he is a danger to the community or a flight risk. (Dkt. No. 7 at 1.) Respondent filed a motion to dismiss on February 21, 2014. (Dkt.

No. 9.) The R&R recommended the motion to dismiss be granted, finding Machic was given a proper bond redetermination hearing pursuant to Casas-Castrillon v. Department of Homeland Security, during which the government demonstrated by clear and convincing evidence Machic is a danger to the community and a flight risk. 535 F.3d 942 (9th Cir. 2008).

The concerns raised in Machic's objections are well addressed in the R&R. Machic argues, without any citation or reference to other cases, that the Immigration Judge in his case has a blanket policy of denying bail to persons convicted of driving under the influence ("DUI"). Machic asserts, but for this alleged blanket policy, he would have been given bond. He argues DUIs are prevalent and not as serious as other types of crimes, such as robbery or terrorism. (Dkt. No. 16 at 2.) Machic further argues that in order to continue to detain him the Immigration Judge should have had to determine there is "no set of combined conditions" which would allow for his release on bond. (Id.)

First, there is no evidence before this Court, other than Machic's unsupported assertion, that the immigration court automatically denies bond for individuals convicted of DUIs. More importantly, there is no evidence that there was an automatic denial of bond in Machic's case. The Ninth Circuit held in Casas an alien subject to authorized detention for a prolonged period of time must be provided with an adequate opportunity to contest the necessity of his detention. Rodriguez v. Robbins, 715 F.3d 1127, 1135 (9th Cir. 2013). In Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), the Ninth Circuit clarified the appropriate burden of proof, holding that "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond at a Casas hearing. Id. at 1203.

To determine whether an alien presents a flight risk or is a danger to the community, the Ninth Circuit directed Courts to look to the factors set forth in Matter of Guerra, 24 I. & N. Dec.

1  37 (B.I.A. 2006). Singh, 638 F.3d at 1206. "The Guerra factor most pertinent to assessing

2  dangerousness directs immigration judges to consider the 'alien's criminal record, including the

3  extensiveness of criminal activity, the recency of such activity, and the seriousness of offenses.'"

4  Id., citing Guerra, 25 I. & N. Dec. at 40. The Immigration Judge presiding over Machic's Casas

5  hearing correctly articulated the considerations at issue, and determined that "based on his

6  limited time in the United States, minimal ties, no forms of relief, and the nature and recency of

7  his criminal history the court found [the Department of Homeland Security] sustained their

8  burden to demonstrate [Machic] is a danger and a flight risk. (Dkt. No. 9-1.)

9      The Court agrees with the R&R that the Immigration Judge in this case properly allocated

10 the burden of proof on the government, and properly considered the factors justifying Machic's

11 continued detention. Even if this court were to accept Machic's unsupported assertion that a

12 blanket policy of denying bond to aliens convicted of DUIs exists, it is clear in Machic's case the

13 relevant factors pertaining to dangerousness were weighed based on the facts surrounding his

14 conviction. Machic's objection on this point is rejected.

15     Second, the allegation that others who have been convicted of what Machic views as

16 more serious crimes receive bond is irrelevant to this case. Even if the Court were to assume

17 there have been individuals convicted of robbery, for example, who have received bond after a

18 Casas hearing, it has no weight on whether or not Machic is a danger to the community and a

19 flight risk, and therefore properly denied bond. The argument is irrelevant to the Petition, and is

20 rejected.

21     Finally, as discussed above, in a Casas bond hearing the Judge must find the individual

22 being detained has been shown, by clear and convincing evidence, to be a danger to the

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATIONS- 3

1 | community. There is no requirement in the Ninth Circuit that the Judge must find there is "no set
2 | of circumstances" under which an individual could be given bond.  This objection is rejected.
3 |     For the reasons articulated above, this Court ORDERS as follows:
4 |    (1) The Court adopts the Report and Recommendation. (Dkt. No. 15.)
5 |    (2) Respondant's motion to dismiss is GRANTED. (Dkt. No. 9.)
6 |    (3) Petitioner's petition for writ of habeas corpus is DENIED (Dkt. No. 7) and this matter
7 |       is DISMISSED with prejudice.
8 |    (4) The Clerk shall send a copy of this Order to Petitioner and to Judge Tsuchida.

10 | Dated this 8th day of May, 2014.

                              Marsha J. Pechman
                              Chief United States District Judge